**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID M. BAKER** | : | |
| | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY (U.S. SECRET SERVICE)** | : | |
| | : | No.: 3:11-CV-_____ |
| Defendant | : | |

**COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF**

Plaintiff, David M. Baker, by and through his attorney, Scott E. Schermerhorn, Esquire, brings this action against the United States Department of Homeland Security (hereinafter, "Agency") to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). As grounds therefor, the Plaintiff alleges as follows:

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

**PARTIES**

3. Plaintiff is an adult individual employed by the United States Secret Service, a component of the Agency, with an address of 235 North Washington Avenue, Scranton, County of Lackawanna, Pennsylvania 18503. Plaintiff is additionally a resident of Lackawanna County, Pennsylvania. Plaintiff is a person within the meaning of FOIA seeking to enforce his right to access federal agency records and/or information.

Complaint.wpd

4. Defendant is an agency of the United States Government and is headquartered at 950 H Street NW, Washington, DC 20223. Defendant has possession, custody and control of the records to which the Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 8, 2009, the Plaintiff sent a written FOIA request to the agency, via U.S. Postal Service, certified mail, seeking:

   *"Full and complete copies of any and all documents/records/files whatsoever relating to my current, ongoing dispute with the United States Secret Service regarding my service in the Reserve Component of the United States Navy; this is meant to include, but not be limited to, documents/records/files maintained by the USSS Office of Human Resources and Training, Personnel Division, Office of Chief Counsel and/or any other office, division or component of the United States Secret Service; this is further meant to include, but not be limited to, any and all documents/records/files referencing, evidencing and/or memorializing contact between the United States Secret Service and any other individual or entity whatsoever, whether government or private (e.g., legal counsel, the United States Office of Special Counsel, the Department of Defense, the Department of the Navy, etc.), as well as all related correspondence, memoranda, et cetera; this is also meant to include, but not be limited to, any and all internal correspondence (letters, reports, memoranda, electronic mail, etc.) between and/or amongst any United States Secret Service employees/representatives and any other individual(s) relating to this matter; this entire request is meant to include the period of 4 July 2003 through the present."*

6. Pursuant to 5 U.S.C. §552(a)(6)(A)(i), the Agency was required to respond to the Plaintiff's request within twenty (20) working days of receipt.

7. Plaintiff complied with the Agency's requirements for making a FOIA request.

8. On or about April 24, 2009, the Agency requested that the Plaintiff verify under penalty of perjury that his FOIA request was true; and the Plaintiff immediately complied with such request.

9. On April 29, 2009, the Agency acknowledged receiving the Plaintiff's FOIA request on April 24, 2009, and informed the Plaintiff that a search for files responsive to his request was being conducted.

10. A response was due by May 25, 2009.

11. As of February 11, 2010, the Agency failed to produce any records responsive to the Plaintiff's request or demonstrate that responsive records are exempt from production. As such, the Plaintiff notified the Agency that over 9 months had elapsed, and the failure to respond violated of 5 U.S.C. §552.

12. On February 12, 2010, the Plaintiff had contact with a superior within the Agency, SAIC Robert Slama, Special Agent in Charge of the U.S. Secret Service Philadelphia Office, who informed the Plaintiff that he was contacted by SAIC Craig Ulmer, the Special Agent in Charge of the FOIA/Privacy Act Branch of the U.S. Secret Service, regarding the Plaintiff's FOIA request. The nature of the contact was perceived by the Plaintiff as to chill and/or suppress the Plaintiff's inquiries related to his FOIA request.

13. On February 16, 2010, the Agency, through SAIC Ulmer, sent a letter to the Plaintiff informing him that his FOIA request was assigned to a processor for review.

14. On or about February 22, 2010, the Plaintiff contacted William Holzerland, CIPP/G, the Associate Director for Disclosure Policy & FOIA Program Development, within the Agency seeking assistance to enforce the Agency's lack of compliance with his FOIA request. Holzerland advised the Plaintiff that the Agency was working towards responding to his FOIA request.

15. On or about July 7, 2010, William Holzerland, notified the Plaintiff that the final FOIA review was completed and that the person processing the request within the Agency would be making "final changes."

16. Plaintiff has not received any follow-up calls, letters, correspondence, or any other form of communication from the Agency and/or any of its representatives since July 7, 2010.

17. As of March 29, 2011, the Agency has failed to produce any records responsive to the Plaintiff's requests or demonstrate that responsive records are exempt from production. Nor has the Agency indicated when or whether any responsive records will be produced.

18. Plaintiff complied with any and all of the Agency's requirements for making his FOIA request.

19. Plaintiff has exhausted any and all appeals, if any, afforded to him.

20. Because the Agency failed to comply with the time limits set forth in 5 U.S.C. §552(a)(6)(A)(i), the Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. §552(a)(6)(C).

**Count I**
**(Violation of FOIA)**

21. Plaintiff incorporates the foregoing averments herein as if the same were set forth at length herein.

22. Defendant has violated FOIA by failing to produce any records responsive to the Plaintiff's April 8, 2009 FOIA request, or to demonstrate that responsive records are exempt from production. Nor has the Agency indicated when or whether any

        responsive records will be produced; all of which are violations of FOIA.

23.    Plaintiff is being irreparably harmed by reason of the Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to comply with the requirements of FOIA.

WHEREFORE, the Plaintiff, David M. Baker, respectfully requests that this Honorable Court:

a.    declare the Defendant/Agency's failure to comply with FOIA to be unlawful;

b.    order the Defendant/Agency to search for and produce any and all non-exempt records responsive to the Plaintiff's April 8, 2009 request, and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain;

c.    enjoin the Defendant/Agency from continuing to withhold any and all non-exempt records responsive to the request;

d.    grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

e.    grant the Plaintiff such other relief and this Honorable Court deems just and proper.

/s/ *Scott E. Schermerhorn*

_____

Scott E. Schermerhorn, Esquire
Attorney for the Plaintiff, David Baker
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
(570) 348-1020

Complaint.wpd