**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID M. BAKER,

      Plaintiff,

          v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (U.S. SECRET
SERVICE),

      Defendant.

CIVIL ACTION NO. 3:11-CV-588

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant's Motion to Dismiss, or in the alterative, for Summary Judgment.  (Doc. 8).  In his action before the Court, Plaintiff David M. Baker seeks to compel his employer, the United States Secret Service, to comply with his Freedom of Information Act ("FOIA") request.  As of the filing of the Complaint, the Secret Service had not yet fulfilled Baker's FOIA request, although it provided an allegedly complete disclosure shortly after the Complaint was filed.  Based on its subsequent disclosure, the Defendant argues that the Court is now without jurisdiction over the matter.  Conversely, Plaintiff argues that jurisdiction remains as the delay itself comprises a statutory violation of the FOIA and that the Defendant has not properly detailed the exemptions it relies upon for withholding certain material.  For the reasons below, the Court finds that jurisdiction remains over the matter and will direct the Defendant to submit an appropriately detailed *Vaughn* Index as to the withheld parts.

## BACKGROUND

Plaintiff David M. Baker filed his Complaint in this Court on March 29, 2011.  The

purpose of his Complaint was to compel the United States Department of Homeland Security to comply with his April 8, 2009 Freedom of Information Act ("FOIA") request made pursuant to 5 U.S.C. § 552.  Baker is an employee of the United States Secret Service, and his FOIA request sought to unearth, in pertinent part, "[f]ull and complete copies of any and all documents/records/files whatsoever relating to [his] current, ongoing dispute with the United States Secret Service regarding [his] service in the Reserve Component of the United States Navy . . . ."  (Pl.'s Ex. A, Doc. 21-1).

The Secret Service's Freedom of Information and Privacy Acts ("FOI/PA") Office received Baker's request on April 24, 2009 and returned acknowledgment of the request in an April 29, 2009 letter.  The FOI/PA Office for the Secret Service conducted a search of their online computer system, which is comprised of five separate databases.  This search uncovered only two files pertaining to Baker, and both were deemed unresponsive to the scope of his request.  On April 24, 2009, per Baker's FOIA request, the FOI/PA Office also forwarded search requests to: (1) the Office of Human Resources and Training, Office of the Assistant Director; (2) the Personnel Division; and (3) the Office of Chief Counsel.

In his declaration, Craig W. Ulmer, the FOI/PA Officer for the Secret Service, avers that while the Office of Human Resources could not locate any responsive records, the other two aforementioned offices forwarded the documents they determined as responsive to the FOI/PA Office for review.  (Ulmer Decl. at ¶¶ 15-17, Doc. 12).  Later, on March 10-11, 2010, the FOI/PA Office sent further requests to the Philadelphia Field Office and the Scranton Resident Office.  (*Id.* at ¶ 18).  The Philadelphia Office uncovered no responsive records.  (*Id.* at ¶ 19).  The Scranton Office initially failed to respond, and a subsequent request made in October of 2011 prompted that Office to forward its responsive records to

2

the FOI/PA Office. (*Id.* at ¶ 20).  Lastly, the FOI/PA contacted Human Resources Specialist Beverly Steadman of the Special Agent and Uniformed Division Support Branch as it was determined that she had spoken with Baker about the subject of his request. (*Id.* at ¶ 21). However, this uncovered no additional responsive documents. (*Id.*).

On February 11, 2010, Baker wrote to Ulmer, inquiring as to the status of his request and reminding the FOI/PA Office that their delay was in violation of the time frame prescribed by law. (Pl.'s Ex. C, Doc. 21-1 at 3).  Ulmer responded on February 16, 2010, informing Baker that his file was being reviewed for release. (Pl.'s Ex. D, Doc. 21-1 at 4). Ulmer wrote Baker again on March 12, 2010, referencing a conversation Baker had had with a member of Ulmer's staff, noting that Baker's FOIA request had "generated a voluminous amount of records," and presenting Baker with the option of partial releases or "one complete response package." (Pl.'s Ex. E, Doc. 21-1 at 5).  Baker wrote back on March 18, 2010, requesting clarification of the status of his request, specifically as to the delay in the initial determination letter. (Pl.'s Ex. F, Doc. 21-1 at 6).  Receiving no response, Baker reiterated his concerns about his request to William H. Holzerland, the Associate Director for Disclosure Policy & FOIA Program Development, in a May 18, 2010 email. (Pl.'s Ex. G, Doc. 21-1 at 8).  After a few exchanges, Holzerland wrote that the final touches were being made to Baker's report and that "there appear[ed] to be light at the end of the tunnel." (Pl.'s Ex. I, Doc. 21-1 at 10).

On April 21, 2011–over three weeks from the filing of the instant suit and almost two years from the filing of his initial request–the FOI/PA Office made its first disclosure in response to Baker's FOIA request. (Def.'s Ex. C, Doc. 12).  On November 4, 2011, the FOI/PA Office made a subsequent disclosure of five documents that had been previously

3

withheld in full or in part,[1] and also disclosed all seven additional pages in full that were determined responsive from the Scranton Office.  (Ulmer Decl. at ¶¶ 26-28, Doc. 12).  In total, after reviewing all documents flagged as responsive pursuant to the Freedom of Information and Privacy Acts, the FOI/PA Office ultimately compiled a total of 1,935 pages of responsive documents.  (*Id.* at ¶ 30, Doc. 12).  Of these, 1,804 were produced in full, 30 were produced in part, and 101 were withheld in full.  (*Id.*).  The 101 withheld pages were retained under the Privacy Act's exemption as to "information compiled in reasonable anticipation of a civil action or proceeding," 5 U.S.C. § 552a(d)(5), as well as the FOIA exemption for attorney work product, 5 U.S.C. § 552(b)(5).  (*Id.* at ¶ 31).  Of the thirty redacted pages, twenty-three were redacted solely as to exemption (b)(5) (attorney work product), four solely under exemptions (b)(6) and (b)(7)(C) (unwarranted invasions of personal privacy), one under (b)(2) (internal agency practices), and two under exemptions (b)(2), (b)(6) and (b)(7)(C).  (*Id.* at ¶ 32).

The Secret Service, representing that their FOIA disclosure to Baker is now complete, believes that Baker's action has become moot and has motioned to dismiss, or in the alterative, for summary judgment, against Baker's claims.  (Def.'s Mot., Doc. 8).  While Baker does not contest the adequacy of the Secret Service's search, he argues that there remains a justiciable controversy as to "the Agency's very untimely release of records, the Agency's refusal to release any records until after litigation was commenced by the Plaintiff; and the Agency's failure to provide a *Vaughn* Index in support of withholding

---

[1]This included releasing in full two documents that had been previously withheld in full, releasing in part two documents that had been previously withheld in full, and releasing an additional part of a document that had been previously withheld in part.  (Ulmer Decl. at ¶ 26, Doc. 12).

documents under claimed exemptions." (Pl.'s Br. at 8, Doc. 21). The Plaintiff's Motion has now been fully briefed and is ripe for review.

## DISCUSSION

### I. Jurisdiction as to Defendant's Failure to Respond to the FOIA Request

Congress enacted the FOIA "to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citation omitted). In furthering this objective, the FOIA requires federal agencies to make information in their possession available to the public unless the information falls under one of nine enumerated exemptions, which are to be narrowly construed. *See* 5 U.S.C. § 552(b); *Milner v. Dep't of the Navy*, 131 S.Ct. 1259, 1262 (2011). District Courts have jurisdiction over FOIA actions solely to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980) ("federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"). As agency determinations as to FOIA requests are directed to be made within twenty business days, 5 U.S.C. § 552(a)(6)(A)(ii), Baker argues that "it is very easy to conclude that the Agency (1) improperly (2) withheld (3) agency records." (Pl.'s Br. at 6, Doc. 21).

However, in the realm of FOIA litigation, mootness occurs when the requested documents have already been produced to the requestor. *Campbell v. Social Security Admin.*, No. 10–2255, 2011 WL 2164120, at *3 (3d Cir. Jun. 3, 2011) (citing *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 168 (3d Cir.2000)). In fact, it is well established that "[o]nce the government produces all the documents a plaintiff requests, her

claim for relief under the FOIA becomes moot." *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 (7th Cir. 2009) (alteration in original) (citing *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005)). Such mootness occurs as the essence of the complaint has been eliminated through the making of the disclosure. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (citing *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980)). This rule applies to the government's eventual production, "however belatedly" it was made. *Id.*

The procedural history of the instant matter is highly analogous to a recent case out of the Southern District of New York, *New York Times Company v. Federal Bureau of Investigation*. No. 10 CV 7920, --- F.Supp.2d ---, 2011 WL 5346031 (S.D.N.Y. Nov. 8, 2011). There, the New York Times's FOIA request sought access to information the FBI had previously provided to the Senate Judiciary Committee. *Id.* at *1. The FBI initially refused the request, and the Times filed an administrative appeal, which sustained the FBI's determination. *Id.* at *2. After the Times filed suit to reverse this determination, the FBI released a copy of the requested letter with redactions. *Id.* Plaintiffs then moved for summary judgment as to their FOIA request. *Id.* Prior to responding to the Plaintiff's motion, the FBI released the letter in its full, unredacted form. *Id.* From that series of events, it was determined that the FBI's compliance with the FOIA request rendered the action moot and the action was dismissed. *Id.* at *3.

The Court must reach the same determination in the instant case. Plaintiff's claim, to the extent that it seeks to compel the Secret Service to respond to Baker's FOIA request, was rendered moot by the Secret Service's eventual document production. Therefore, the Court will regard as moot Plaintiff's claim for relief to the extent that it seeks such disclosure.

## II. Jurisdiction as to Withheld and Redacted Documents

Plaintiff argues that the shortcomings of the Secret Service's FOIA disclosure compel the Court's sustained jurisdiction over this matter.  It is true that even "'where an agency has released documents, but other related issued [sic] remain unresolved, courts frequently will not dismiss the action' as moot." *McKinley v. FDIC*, 756 F. Supp. 2d 105, 110 (D.D.C. 2010) (citations omitted).

*Northwestern University v. United States Department of Agriculture* posed a series of events rather similar to the instant matter: the plaintiff had filed a suit seeking to compel a FOIA request that had gone unfulfilled for over a year when the defendant finally responded to the request five days after the plaintiff moved for summary judgment.  403 F. Supp. 2d 83, 84-85 (D.D.C. 2005).  While acknowledging that such a disclosure would typically moot a FOIA claim, that court retained jurisdiction over the plaintiff's subsequent claim–raised in its reply–that the tardy disclosure was nonetheless inadequate. *Id.* at 85-86 (finding that a court "retains jurisdiction of a FOIA case if it is not convinced that the agency has released all nonexempt material." (citing *Perry*, 684 F.2d at 125)).  Reasoning that it could not decide an argument  first raised in a reply, and as no *Vaughn* Index had been submitted, that court declined to consider whether the defendant's claimed FOIA exemptions actually applied.  *Id.* at 86.  Instead, it directed the defendant to submit a *Vaughn* Index.  *Id.* at 88.

Here, the Court will similarly continue to exercise jurisdiction and will direct the Defendant to submit a *Vaughn* Index.  In determining the adequacy of a FOIA disclosure, the burden of sustaining an agency's determination rests with the agency.  5 U.S.C. § 552(a)(4)(B); *Cozen O'Connor v. U.S. Dep't of Treasury*, 570 F. Supp. 2d 749, 765 (E.D.

Pa. 2008) ("the agency must provide reasonably specific information that explains how the exemption applies."). Moreover, there is a presumption in favor of disclosure, and a court will review an agency's determination to withhold documents under a *de novo* standard. 5 U.S.C. § 552(a)(4)(B); *Davin v. U.S. DOJ*, 60 F.3d 1043, 1049 (3d Cir. 1995).

Determining the legitimacy of claimed FOIA exemptions is obviously problematic as "the party seeking disclosure does not know the contents of the information sought and is, therefore, helpless to contradict the government's description of the information or effectively assist the trial judge." *Ferri v. Bell*, 645 F.2d 1213, 1222 (3d Cir.1981), *modified*, 671 F.2d 769 (3d Cir.1982). Ordinarily, the government agency must therefore make limited disclosures pertaining to all withheld information through detailed affidavits or by submitting a *Vaughn* index.[2] *Cozen O'Connor*, 570 F. Supp. 2d at 765. The function of such an index is to solve the problem of information asymmetry, and to "transform a potentially ineffective, inquisitorial proceeding against an agency that controls the information into a meaningful adversarial process." *Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969, 984 (3d Cir. 1981). Specifically, a *Vaughn* Index "must consist of one comprehensive document, adequately describe each withheld document or redaction, state the exemption claimed, and explain why each exemption applies." *Id.* (citing *Afshar v. Dep't of State*, 702 F.2d 1125, 1144-45 (D.C. Cir. 1983)). While "it is the function, not the form" of the record that is most important, "the requester and the trial judge [should] be able to derive from the

---

[2]The *Vaughn* Index originates from *Vaughn v. Rosen*. 484 F.2d 820 (D.C. Cir. 1973). That case laid down the basic parameters for a "system of itemizing and indexing that would correlate statements made in the Government's refusal justification with the actual portions of the document." *Id.* at 827.

index a clear explanation of why each document or portion of a document is putatively exempt from disclosure." *Schulz v. Hughes*, 250 F. Supp. 2d 470, 474-75 (E.D. Pa. 2003) (quoting *Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir.1988)).  And, while a court has discretion to conduct an in camera review of the contested documents in order to make its determination, *Berger v. I.R.S.*, 288 Fed.Appx 829, 834 (3d Cir. 2008) (citing *Ferri*, 645 F.2d at 1225–26), where a justification for withholding documents was not in bad faith, but was instead vague, "the proper remedy is to allow the agency to submit a revised supplemental affidavit and *Vaughn* index regarding these particular materials."  *Amro v. U.S. Customs Serv.*, 128 F. Supp. 2d 776, 790 (E.D. Pa. 2001); *Northwestern Univ. v. USDA*, 403 F. Supp. 2d 83, 86 (D.D.C. 2005) (requiring a *Vaughn* index in order to assess the adequacy of the FOIA production).

The Secret Service acknowledges that an agency must "demonstrate that each document identified as responsive has been released or is exempt from being released." (Def.'s Br. At 23, Doc. 18) (citing *National Cable Television Asso. v. Federal Communications Com.*, 479 F.2d 183, 186 (D.C. Cir. 1973)).  Yet, in evaluating from this standard, the Court finds that the Secret Service has not met their burden as to each document and will decline Defendant's Motion for Summary Judgment on this issue. Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Here, as no specific facts are presented as to each withheld section, the Court cannot properly determine whether each particular document was appropriately withheld.

The declarations made by the Secret Service speak in generalities about groups of

documents, and such "[c]ategorical descriptions of redacted material and categorical indications of anticipated consequences to disclosure is 'clearly inadequate,' especially in light of *Vaughn's* specificity burden which requires the agency to demonstrate the 'applicability of the exemptions invoked as to each document or segment withheld.'" *Frankenberry v. F.B.I.*, Civ. Act. No. 3:08-cv-1565, 2010 WL 1462481 at * 3 (M.D. Pa. Apr. 07, 2010) (Caputo, J.) (emphasis in original) (quoting *King v. Dept. of Justice*, 830 F.2d 210, 223-24 (D.C.Cir.1987)).   *Davin v. United States Department of Justice* specifically considered the appropriateness of a *Vaughn* Index based on categorical codes and found that such a system was insufficient to enable a court to "derive from the index a clear explanation of why each document of portion of a document withheld is putatively exempt from disclosure." 60 F.3d 1043, 1050 (3d Cir. 1995) (citing *Hinton*, 844 F.2d at 129).  While refusing to hold that a categorical method could never suffice, the Third Circuit determined that an agency "must also include specific factual information concerning the documents withheld and correlate the claimed exemptions to the withheld documents." *Id.*  Without this factual nexus, there is no "'connective tissue' between the document, the deletion, the exemption, and the explanation." *Id.* (citing *King*, 830 F.2d at 223-34)).

The Court cannot accept the Secret Service's attempts to sustain its exemptions by including categorical exemptions containing even less specificity than the rejected method in *Davin*.  Withholding 101 pages in full as merely pursuant to Privacy Act exemption 552a(d)(5) and FOIA exemption (b)(5) (as attorney work product) offers neither the Court nor the Plaintiff any opportunity to make a meaningful appraisal as to whether the stated exemptions apply, and forces reliance solely on the agency's conclusory determination. The Secret Service points to *Brinton v. Department of State*, 636 F.2d 600 (D.C. Cir. 1980),

10

for the proposition that these exemptions can be relied on categorically, but the Court does not agree. *Brinton* makes no mention of the *Vaughn* standard, and it specifically found that the government's affidavit at issued had "made a detailed showing" as to the application of the deliberative process exemption. *Id.* at 606. Moreover, unlike the instant case, the district court in *Brinton* possessed specific descriptions of all eight contested documents. *Brinton v. U.S. Dep't of State*, 476 F. Supp. 535, 537 (D.D.C. 1979), *aff'd* 636 F.2d 600 (D.C. Cir. 1980).

As to the thirty (30) pages produced in part by the Secret Service, the Court reaches a similar determination. Although these redactions reference a tally of purported exemptions, there is insufficient information as to why those exemptions should apply. (*Id.* at ¶ 32). These disclosures do not allow for the meaningful investigation as envisioned by *Vaughn* and are certainly insufficient for the Court to conduct a *de novo* review.

Therefore, as the essential "connective tissue" is missing between the Secret Service's claims of exemptions and the facts underlying those assertions, the Court will decline Defendant's Motion for Summary Judgment and will direct the Defendant instead to submit a *Vaughn* Index.

## III. Attorneys' Fees

Plaintiff argues that he is entitled to attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E), which allows a court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." As the Court is not dismissing this matter, the Court agrees that this matter is premature. As such, the Court will reserve this issue for a later date where it can be fully briefed before the Court.

## CONCLUSION

For the reasons above, the Court will grant in part and deny in part Defendant's Motion to Dismiss, or in the Alterative, for Summary Judgment.  (Doc. 8).  To the extent Plaintiff's Complaint seeks to compel the Secret Service to respond to his FOIA request, his claim will be deemed moot and the Court will grant dismissal as to that issue.  However, in all other respects the Defendants Motion will be denied.  Additionally, the Secret Service will be ordered to submit a *Vaughn* Index within 60 days of the date of this Opinion.

An appropriate order follows.


 January 24, 2012                                                     /s/ A. Richard Caputo
Date                                                                       A. Richard Caputo
                                                                             United States District Judge