# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID M. BAKER, | CIVIL ACTION NO. 3:11-CV-588 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY (U.S. SECRET SERVICE), | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Plaintiff David M. Baker's Motion for Attorney's Fees Pursuant to 5 U.S.C. § 552(a)(4)(E).  (Doc. 30.)  Baker, an employee of the United States Secret Service, brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.,* seeking to compel his employer to comply with his FOIA request.  Because Baker is both eligible and entitled to recover attorney's fees, his motion will be granted.

## BACKGROUND

Plaintiff David M. Baker filed his Complaint in this Court on March 29, 2011.  The purpose of his Complaint was to compel the United States Department of Homeland Security to comply with his April 8, 2009 Freedom of Information Act ("FOIA") request made pursuant to 5 U.S.C. § 552. Baker is an employee of the United States Secret Service, and his FOIA request sought to unearth, in pertinent part, "[f]ull and complete copies of any and all documents/records/files whatsoever relating to [his] current, ongoing dispute with the United States Secret Service regarding [his] service in the Reserve Component of the United States Navy . . . ."  (Pl.'s Ex. A, Doc. 21-1).

The Secret Service's Freedom of Information and Privacy Acts ("FOI/PA") Office received Baker's request on April 24, 2009 and returned acknowledgment of the request in an April 29, 2009 letter. The FOI/PA Office for the Secret Service conducted a search of their online computer system, which is comprised of five separate databases. This search uncovered only two files pertaining to Baker, and both were deemed unresponsive to the scope of his request. On April 24, 2009, per Baker's FOIA request, the FOI/PA Office also forwarded search requests to: (1) the Office of Human Resources and Training, Office of the Assistant Director; (2) the Personnel Division; and (3) the Office of Chief Counsel. The Personnel Division forwarded responsive documents to the FOI/PA Office on April 27, 2009, and the Office of Chief Counsel did likewise on May 18, 2009.

In his declaration, Craig W. Ulmer, the FOI/PA Officer for the Secret Service, avers that while the Office of Human Resources could not locate any responsive records, the other two aforementioned offices forwarded the documents they determined as responsive to the FOI/PA Office for review. (Ulmer Decl. at ¶¶ 15-17, Doc. 12.) Later, on March 10–11, 2010, the FOI/PA Office sent further requests to the Philadelphia Field Office and the Scranton Resident Office. (*Id.* at ¶ 18.) The Philadelphia Office uncovered no responsive records. (*Id.* at ¶ 19.) The Scranton Office initially failed to respond, and a subsequent request made in October of 2011 prompted that Office to forward its responsive records to the FOI/PA Office. (*Id.* at ¶ 20.) Lastly, in October 2011, the FOI/PA contacted Human Resources Specialist Beverly Steadman of the Special Agent and Uniformed Division Support Branch as it was determined that she had spoken with Baker about the subject of his request. (*Id.* at ¶ 21.) However, this uncovered no additional responsive documents. (*Id.*)

On February 11, 2010, Baker wrote to Ulmer, inquiring as to the status of his request and reminding the FOI/PA Office that their delay was in violation of the time frame prescribed by law. (Pl.'s Ex. C, Doc. 21-1 at 3.) Ulmer responded on February 16, 2010, informing Baker that his file was being reviewed for release. (Pl.'s Ex. D, Doc. 21-1 at 4.) Ulmer wrote Baker again on March 12, 2010, referencing a conversation Baker had with a member of Ulmer's staff, noting that Baker's FOIA request had "generated a voluminous amount of records," and presenting Baker with the option of partial releases or "one complete response package." (Pl.'s Ex. E, Doc. 21-1 at 5.) Baker wrote back on March 18, 2010, requesting clarification of the status of his request, specifically as to the delay in the initial determination letter. (Pl.'s Ex. F, Doc. 21-1 at 6.) Receiving no response, Baker reiterated his concerns about his request to William H. Holzerland, the Associate Director for Disclosure Policy & FOIA Program Development, in a May 18, 2010 email. (Pl.'s Ex. G, Doc. 21-1 at 8.) After a few exchanges, Holzerland wrote on July 7, 2010 that the final touches were being made to Baker's report and that "there appear[ed] to be light at the end of the tunnel." (Pl.'s Ex. I, Doc. 21-1 at 10.)

On April 21, 2011—over three weeks from the filing of the instant suit and almost two years from the filing of his initial request—the FOI/PA Office made its first disclosure in response to Baker's FOIA request. (Def.'s Ex. C, Doc. 12.) On November 4, 2011, the FOI/PA Office made a subsequent disclosure of five documents that had been previously withheld in full or in part,[1] and also disclosed all seven additional pages in full that were

---

[1] This included releasing in full two documents that had been previously withheld in full, releasing in part two documents that had been previously withheld in full, and releasing an additional part of a document that had been previously withheld in part. (Ulmer Decl. at ¶ 26, Doc. 12).

3

determined responsive from the Scranton Office. (Ulmer Decl. at ¶¶ 26-28, Doc. 12.) In total, after reviewing all documents flagged as responsive pursuant to the Freedom of Information and Privacy Acts, the FOI/PA Office ultimately compiled a total of 1,935 pages of responsive documents. (*Id.* at ¶ 30, Doc. 12.) Of these, 1,804 were produced in full, 30 were produced in part, and 101 were withheld in full. (*Id.*) The 101 withheld pages were retained under the Privacy Act's exemption as to "information compiled in reasonable anticipation of a civil action or proceeding," 5 U.S.C. § 552a(d)(5), as well as the FOIA exemption for attorney work product, 5 U.S.C. § 552(b)(5). (*Id.* at ¶ 31.) Of the thirty redacted pages, twenty-three were redacted solely as to exemption (b)(5) (attorney work product), four solely under exemptions (b)(6) and (b)(7)(C) (unwarranted invasions of personal privacy), one under (b)(2) (internal agency practices), and two under exemptions (b)(2), (b)(6) and (b)(7)(C). (*Id.* at ¶ 32.)

On November 7, 2011, the Secret Service, representing that their complete FOIA disclosure to Baker rendered the action moot, motioned to dismiss, or in the alterative, for summary judgment, against his claims. (Def.'s Mot., Doc. 8.) In its Memorandum dated January 24, 2012, this Court ruled that although Baker's claim, to the extent that it sought to compel the Secret Service to respond to the FOIA request, was rendered moot by the document production, the Secret Service was required to submit an appropriately detailed *Vaughn* index[2] pertaining to the withheld materials within sixty days. (Doc. 23 at 6–7.)

---

[2] "A *Vaughn* index is an index correlating each withheld document, or a portion thereof, with a specific exemption and relevant part of an agency's justification for nondisclosure. The *Vaughn* index is a tool designed to aid the court in determining whether the agency has properly withheld the information requested." *Davin v. U.S. Dept. of Justice,* 60 F.3d 1043, 1065 n.1 (3d Cir. 1995) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973)).

On May 5, 2012, Baker filed his Motion for Attorney's Fees Pursuant to 5 U.S.C. § 552(a)(4)(E).  The motion has now been fully briefed and is ripe for review.

## DISCUSSION

### I. Legal Standard

FOIA is a statute "enacted to facilitate public access to Government documents." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  A federal agency that receives a FOIA request must determine within twenty working days whether to release the requested documents.  5 U.S.C. § 552(a)(6)(A)(I).  Although an agency may seek a brief extension of this deadline, 5 U.S.C. § 552(a)(6)(B), it may only continue to withhold relevant records if they fall within one or more of the statute's nine exemptions.  5 U.S.C. § 552(b)(1)–(9).

Under FOIA, the court may assess "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(I).  In deciding whether an award of attorney's fees is appropriate, the court must undertake a two-step inquiry.  The first step is determining whether the plaintiff is "eligible" for attorney's fees, *i.e.*, whether the plaintiff has "substantially prevailed" on his FOIA claim.  *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F.Supp.2d 1, 3 (D.D.C. 2011) (citing *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011)).  A plaintiff "substantially prevails" if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).

If the court finds that the plaintiff has substantially prevailed and is eligible to receive attorney's fees, it must then determine whether the plaintiff is "entitled" to attorney's fees.

*Calypso Cargo*, 850 F. Supp.2d at 3 (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1495, 1498 (D.C. Cir. 1984)).  In making that determination, the court considers and balances four factors: (1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.  *Weisberg*, 745 F.2d at 1498 (citing *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981)).  "No one factor is dispositive."  *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 1992).  "[E]ntitlement is at the discretion of the district court."  *Md. Dep't of Human Res. v. Sullivan*, 738 F.Supp. 555, 563 (D.D.C. 1990).  Furthermore, "[a]n agency cannot foreclose an award of attorney's fees and costs by complying with a FOIA request during the pendency of litigation."  Id. at 653 (citing *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C. Cir. 1977)).

## II. Eligibility

The first step in deciding whether an award of attorney's fees is appropriate in this case requires a determination of whether Baker is "eligible" for attorney's fees, that is, whether he has "substantially prevailed" on his FOIA claim.  *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F.Supp.2d 1, 3 (D.D.C. 2011) (citing *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011)).  Baker "substantially prevails" if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).  Here, Baker contends that he has substantially prevailed in both ways.

### A. Judicial Order

Baker first asserts that he obtained relief through a judicial order because this Court,

6

in its Memorandum of January 24, 2012, directed the Secret Service to submit a *Vaughn* index. (Doc. 32 at 6.) The Secret Service responds that Baker has not obtained relief through a judicial order because this Court has neither ordered the it to release any information nor found that it improperly withheld documents from Baker. (Doc. 35 at 5–6.)

"A favorable order does not make a plaintiff a prevailing party unless the order constitutes judicial relief on the merits resulting in a 'court-ordered change in the legal relationship between the plaintiff and the defendant.'" *Campaign for Responsible Transplantation v. Food & Drug Admin.*, 511 F.3d 187, 194 (D.C. Cir. 2007) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001)). In *Campaign for Responsible Transplantation*, the United States Court of Appeals for the District of Columbia Circuit said that "*Vaughn* indices are not properly understood as relief on the merits for a FOIA plaintiff." 511 F.3d at 196. Noting that a *Vaughn* index's main purpose is to facilitate the litigation process, the court continued that, "[a] *Vaughn* index, without more, does not constitute court-ordered relief for a plaintiff on the merits of its FOIA claim, so it does not change the legal relationship between the plaintiff and the defendant." *Id.* The court concluded that "an order compelling the production of a *Vaughn* index, without more, is not enough to make a plaintiff a 'prevailing party' sufficient to support a claim for attorney's fees." *Id.*

Therefore, because an order compelling the production of a *Vaughn* index is not court-ordered relief for Baker, he has not substantially prevailed by obtaining relief through a judicial order and is ineligible to receive attorney's fees on that grounds.

### B. Voluntary or Unilateral Change in Position

Baker also asserts that the Secret Service took a voluntary or unilateral change in

position by releasing the requested documents in response to this litigation.  (Doc. 32 at 6.) He maintains that his claim was not insubstantial, citing the Department of Homeland Security's stated emphasis on the satisfaction of releasing documents in response to FOIA requests as well as the requested information's relation to his Uniformed Services Employment and Reemployment Rights Act ("USSERRA") case before the Merit Service Protection Board ("MSPB").  (*Id.* at 6–7.)

In response, the Secret Service argues that the release of the requested documents was not made in response to Baker's FOIA complaint.  (Doc. 35 at 7.)  It notes that it began processing Baker's FOIA request within a week of receiving it in April 2009 and had located nearly 2,000 pages of responsive documents that were awaiting final review in the FOI/PA Office as of March 29, 2011, when Baker filed his FOIA complaint.  (*Id.* at 12–13.)  The Secret Service also points to the declaration of Latita Payne, a Disclosure Officer in its FOI/PA Office, in which she stated that the responsive documents were not released in response to the instant litigation.  (*Id.* at 13.)

To prove that Baker substantially prevailed because of a voluntary or unilateral change in position by the Secret Service, he must show that "prosecution of the action could reasonably be regarded as necessary to obtain the information, and that a causal nexus exists between the action and the agency's surrender of that information."  *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981) (internal citations omitted); *see also Short v. U.S. Army Corps of Eng'rs*, 613 F.Supp.2d 103, 106 (D.D.C. 2009). Although the Secret Service cannot prevent an award of attorney's fees simply by releasing the requested documents before Baker obtained a court order, as is the case here, "the mere filing of the complaint and the subsequent release of the documents is insufficient to

establish causation." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984). Baker must show something more than *post hoc, ergo propter hoc*. *Public Law Educ. Inst. v. U.S. Dep't of Justice*, 744 F.2d 181, 183 (D.C. Cir. 1984). If, rather than the threat of an adverse court order, "an unavoidable delay accompanied by due diligence in the administrative process was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit." *Church of Scientology*, 653 F.2d at 588 (internal citations omitted).

Here, the Court is persuaded that Baker has shown that the prosecution of the action could reasonably be regarded as necessary to obtain the requested information. Baker did not receive any communication from the Secret Service regarding the requested documents between July 7, 2010, when he was told that "there appear[ed] to be light at the end of the tunnel," and March 29, 2011, when he filed this action. (Doc. 32 at 3–4.) By that point, it had been nearly two years since he filed his FOIA request with the agency. (*Id.* at 1.) Under these circumstances, Baker's commencement and prosecution of this action can reasonably be regarded as necessary to obtain the requested information from the agency.

Furthermore, Baker has shown a causal nexus between this action, which is not insubstantial, and the release of the requested documents. Although the Secret Service has detailed its activities in processing Baker's FOIA request, there are several unexplained gaps in its activity that do not appear to be the product of unavoidable delay. There is no mention of any agency activity between sending search requests to the Personnel Division, Office of Chief Counsel, and Office of Human Resources and Training in April 2009 and sending search requests to the Philadelphia Field Office and Scranton Resident Office in March 2010. (Doc. 35 at 2–3.) Additionally, there is no explanation for why the agency did

not send a follow-up search request to the Scranton Resident Office until October 2011, more than a year and a half after the initial request was sent. (*Id.*) The Secret Service's FOI/PA Office released the responsive documents to Baker on April 21, 2011, three weeks after this action was filed and more than two years after his FOIA request was filed. (*Id.* at 4.) Before the release, Baker had not heard from the Secret Service about the status of his request since July 2010, when he was told that the final review of the relevant documents was complete. (Doc. 32 at 3–4.) Baker has shown that the release of the documents is more than a case of *post hoc, ergo propter hoc*. He has shown a causal nexus between this action and the release of the requested information and, accordingly, has proven that he substantially prevailed because of a voluntary or unilateral change in position by the Secret Service. Therefore, he is eligible for attorney's fees in this case.

**III. Entitlement**

As this Court has decided that Baker is eligible for attorney's fees, it must now determine whether he is "entitled" to them. *Calypso Cargo*, 850 F. Supp.2d at 3 (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1495, 1498 (D.C. Cir. 1984)). In making that determination, the following four factors must be considered and balanced: (1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding. *Weisberg*, 745 F.2d at 1498 (citing *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981)). "No one factor is dispositive," *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 1992), and "entitlement is at the discretion of the district court." *Md. Dep't of Human Res. v. Sullivan*, 738 F.Supp. 555, 563 (D.D.C. 1990).

### A. Benefit to the Public

The first factor "speaks for an award (of attorney's fees) where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Fenster v. Brown*, 617 F.2d 740, 744 (1979) (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978)). Here, Baker information sought related to his case before the MSPB, which alleged that the Secret Service violated USSERRA by discriminating against him based on his military status. (Doc. 32 at 1–2, 7–8; *Baker v. Dep't of Homeland Security*, 2009 M.S.P.B. 83). Baker won his appeal before the MPSB, which found that he was entitled to a hearing before an administrative judge. *Baker*, 2009 M.S.P.B. 83 at *8. Although Baker's FOIA request encompassed information relating to his dispute with the Secret Service, the release of information in this case, especially when viewed in light of his MSPB victory, is likely to assist military personnel working within the federal government.

### B. Commercial Benefit to the Plaintiff and Nature of Plaintiff's Interest

The second and third factors, the commercial benefit to Baker and the nature of his interest in the records, are frequently considered together. *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F.Supp.2d 1, 6 n.2 (D.D.C. 2011). The proper question here is "whether the potential for private commercial benefit was sufficient incentive to encourage [plaintiff] to pursue his FOIA claim." *Alliance for Responsible CFC Policy, Inc. v. Costle*, 631 F.Supp. 1469, 1471 (D.D.C. 1986) (internal citations omitted). Baker's motive in litigating this case under FOIA was not commercial, but rather investigatory. Given that Baker filed this suit even after his case before the MSPB was resolved, his motivation was not to accumulate information that would assist him in litigating that matter and obtaining damages. *See Muffoletto v. Sessions*, 760 F.Supp. 268, 277 (E.D.N.Y. 1991). Instead, he sought to

uncover information relating to the agency's potentially discriminatory action of requiring certain personnel to change their military designation status—information that was likely to assist military personnel working within the federal government.

### C. Reasonableness of the Agency's Withholding

In analyzing the final factor, the reasonableness of the agency's withholding the information, "there must be a showing that the 'government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant or otherwise engaged in obdurate behavior.'" *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1498 (D.C. Cir. 1984) (citing *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C. Cir. 1979)). The Court must focus on "the propriety of any withholding of documents by the agency, and not on the adequacy of the agency's search efforts." *Costle*, 631 F.Supp. at 1471 (citing *Weisberg*, 745 F.2d at 1498).

Although the Secret Service appears to have a reasonable basis in law for withholding and redacting the documents that it did, as Baker has not challenged the *Vaughn* index in any way, there is ample evidence that the agency was recalcitrant or obdurate in releasing the requested information to him. It took the Secret Service two years from the date of Baker's FOIA request to provide him with the requested information. After advising Baker in July 2010 that a final review of his documents was complete and final changes were being made, the agency did not contact him until April 2011, when it released the documents to him. The documents were not accompanied by a *Vaughn* index, which prevented Baker from determining whether the agency properly withheld or redacted certain requested information. The Secret Service has given no rationale for this behavior. Therefore, this Court is convinced that the agency was recalcitrant and obdurate in

responding to Baker's FOIA request.

Considering the factors as a whole, this Court finds that Baker is entitled to attorney's fees in this case.

### IV.  Calculation of Attorney's Fees

Turning to attorney's fees, Baker's attorney, Mr. Scott E. Schermerhorn, Esq., has submitted a detailed billing statement which states that he charges an hourly fee of $225.00 and has spent 39.68 hours on this case.  However, a careful examination of his billing statement reveals that he actually spent 40.15 hours.  40.15 x 225 is $9,033.75.  When added to the $350.00 filing fee paid in this case, Schermerhorn's fees and costs total $9,383.75.  The Secret Service does not address these charges in their opposition to the motion.  The Court finds the fee submitted reasonable, and will award the full amount.

### **CONCLUSION**

As Baker is both eligible for and entitled to attorney's fees for the reasons given above, the Court will grant his motion and award attorney's fees and costs in full.

An appropriate order follows.

<u>November 19, 2012</u>                                            <u>/s/ A. Richard Caputo    </u>
Date                                                                              A. Richard Caputo
                                                                                      United States District Judge